# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

BRUCE R. BAKER,

        Plaintiff,

vs.

BRAD WITTROCK, CHARLES PALMER, and JAMES MORGAN,

        Defendants.

No. C15-4039-MWB

**ORDER**

___

Before me is plaintiff Bruce Baker's Motion for Appointment of Counsel, Application to Proceed In Forma Pauperis, and second Motion for Appointment of Counsel. (docket nos. 2, 14, and 15)

Baker filed the above captioned case on May 12, 2015. In his *pro se* 42 U.S.C. § 1983 Complaint, Baker alleged various constitutional violations arising out of an assault he suffered while committed at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1] (docket no. 8) Baker also requested to proceed without the prepayment of fees and to be appointed an attorney. (docket nos. 1 and 2) The case was assigned to Judge O'Brien who performed an initial review. (docket nos. 3 and 7) Judge O'Brien granted Baker *in forma pauperis* status and allowed his case to proceed without the prepayment of fees. (docket no. 7) Judge O'Brien withheld ruling on Baker's request for appointment of counsel, stating that he would consider the issue after the defendants

___

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." *Iowa Department of Human Services: Civil Commitment Unit for Sexual Offenders*, http://dhs.iowa.gov/mhds/mental/in-patient/ccuso, last visited September 16, 2015.

filed a responsive pleading. (docket no. 7) On August 8, 2015, the defendants filed their Answer. (docket no. 12) Baker filed his Application to Proceed In Forma Pauperis and second Motion for Appointment of Counsel shortly thereafter. Baker's case was reassigned to me on August 20, 2015.

## I. *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915

Baker's first motion is a second request to proceed *in forma pauperis*. As stated, above, Judge O'Brien already granted Baker *in forma pauperis* status. Accordingly, Baker's second request (docket no. 14) is denied as moot.

## II. *APPOINTMENT OF COUNSEL*

Baker requests that he be appointed counsel. (docket nos. 2 and 15.) 28 U.S.C. §1915(e)(1) states that appointment of counsel for a person unable to afford counsel is within my discretion. Discretion means that although I have the ability to appoint an attorney in a civil case arising under 42 U.S.C. § 1983, I am not required to do so.[1] *See Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *see also Taylor v. Dickel*, 293 F.3d 427, 428 (8th Cir. 2002) (discussing 28 U.S.C. § 1915(e)(1)). There are multiple factors to consider in deciding if appointing counsel is appropriate. The Eighth Circuit Court of Appeals has stated that I must weigh whether both the plaintiff and the court will benefit from the appointment of counsel, and take into account the factual and legal complexity of the case, the potential for conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). Judge O'Brien considered those factors and decided to withhold ruling until after the defendants filed their answer.

---

[1] An indigent civil litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985).

Baker's essential claim is that he was threatened, harassed, and assaulted by fellow CCUSO patient, Jeff Goodwin. Baker claims that the defendants knew of the danger posed by Goodwin and were deliberately indifferent in failing to protect Baker from that danger. Specifically, Baker states that he and Goodwin started out as bunkmates, but CCUSO officials decided that Goodwin needed to be moved into another area after he started threatening Baker. Baker states that even though CCUSO knew of the threats, and moved Goodwin to a different location, they still allowed Goodwin (unsupervised) access to the CCUSO library, where he ultimately assaulted Baker. Baker also alleges that the defendants failed to train employees about the danger posed by certain patients, such as Goodwin.

In their answer, the defendants deny any deliberate indifference or failure to train. However, the defendants admit that Baker was assaulted by Goodwin. (docket no. 12) Significantly, the defendants state the assault was of such severity that Goodwin was charged with willful injury under I.C.A. § 708.4. The defendants also admit that Baker and Goodwin started out as bunkmates but were separated because of "differences." (docket no. 12)

Based on the record in this case, I find that the plaintiff and the court would benefit from the appointment of counsel. Baker's claim is substantiated by the defendants' admission that an assault occurred and that the defendants had prior knowledge of "differences" between Baker and Goodwin. Furthermore, this case will require a fair amount of discovery. The parties will almost certainly need to be deposed, as would witnesses to the threats and assault. Records, including those of the state court charges against Goodwin, will need to be discovered. It is likely that Baker, Goodwin, and the CCUSO employees will all give conflicting testimony about the lead up to the assault, and the plaintiff, unassisted, would not be in a good position to investigate those conflicting claims. Accordingly, the plaintiff's request for appointment of counsel

(docket nos. 2 and 15) is granted. The clerk's office is directed to appoint an attorney to represent the plaintiff. The cost for such appointment shall be paid from the Library Fund and shall be consistent with the contract that applies in this district. Appointed Counsel is directed to file an amended complaint, setting out Baker's legally cognizable claims, within 45 days from the date of this order.

**IT IS THEREFORE ORDERED THAT:**

1) Plaintiff's Application to Proceed In Forma Pauperis is **denied as moot**.
2) Plaintiff's motions to appoint counsel are **granted**.
3) The clerk's office is directed to appoint an attorney to represent the plaintiff. The cost for such appointment shall be paid from the Library Fund and shall be consistent with the contract that applies in this district.
4) Appointed counsel shall have 45 days from the date of this order to file an amended complaint.

**DATED** this 18th day of September, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA